13-3486-cv
R.A.G. v. Buffalo City School District

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 17th day of June two thousand fourteen.

Present:　　　ROSEMARY S. POOLER,
　　　　　　　PETER W. HALL,
　　　　　　　SUSAN L. CARNEY,
　　　　　　　　　　*Circuit Judges.*

_____

R.A.G., by parent R.B., individually and on behalf of all other parents and students similarly situated,

　　　　　　　　　*Plaintiff-Appellee*,

　　　　　-v-　　　　　　　　　　　　　　　　　13-3486-cv

BUFFALO CITY SCHOOL DISTRICT BOARD OF EDUCATION,
PAMELA C. BROWN, Superintendent,

　　　　　　　　　*Defendants-Appellants*.

_____

Appearing for Appellants:　　Richard T. Sullivan, Harris Beach PLLC (Jeffrey J. Weiss, Kelly S. Foss, *on the brief*), Buffalo, N.Y.

Appearing for Appellee:　　　Bruce A. Goldstein, Goldstein, Ackerhalt & Pletcher, LLP (Arthur H. Ackerhalt, *on the brief*), Buffalo, N.Y.

Appeal from the United States District Court for the Western District of New York (Skretny, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Defendants Buffalo City School District Board of Education and Pamela C. Brown, Superintendent (collectively, "Buffalo") appeal from the decision and order of the United States District Court for the Western District of New York (Skretny, *J.*) entered July 3, 2013, which granted the motion brought on behalf of plaintiff R.A.G., by her parent R.B. (collectively, "Plaintiffs") for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure, with respect to Plaintiffs' claims under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq*. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Buffalo raises two arguments on appeal. First, Buffalo argues that the district court, and thus this Court, lack jurisdiction to consider the claims Plaintiffs raise and argue are subject to classwide resolution because Plaintiffs did not raise these claims in the first instance in the course of administrative hearings. To dispose of this argument, it is sufficient for us to note, as the district court did, that it is a general requirement that claims under the IDEA be exhausted in administrative procedures before they can be heard in federal court. *See id.* § 1415(i). However, we have also noted that an exception to this requirement might obtain in a case where the plaintiff alleges broad systemic violations. *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 114-15 (2d Cir. 2004). Because Plaintiffs allege systemic failures in the Buffalo school district to implement supplemental services for students from the beginning of the school year as a matter of district policy, we determine that the district court was correct to conclude this objection was no barrier to class certification. Therefore, we affirm the district court's decision on this issue.

We further conclude that the district court did not abuse its discretion in determining that Plaintiffs' class claims satisfied the commonality requirement under Rule 23(a)(2) of the Federal Rules of Civil Procedure. Buffalo argues that under *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011), a putative class must establish that each member "suffered the same injury" in order to establish the propriety of class certification. *Id.* at 2551 (internal quotation marks omitted). However, as the district court below correctly noted, *Wal-Mart* also emphasized that plaintiffs there asserted "the opposite of a uniform employment practice that would provide the commonality needed for a class action." *Id.* at 2554. Just the opposite situation exists here, as Plaintiffs' entire case is predicated on a policy that is applied uniformly to all students that qualify for supplemental services under the IDEA. We therefore affirm the district court on this ground as well.

We have considered the remainder of Buffalo's arguments and find them to be without merit. Accordingly, the decision and order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2